**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 1710004763 |
| | ) | |
| ARION BAYNARD, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: January 5, 2021
Date Decided: March 29, 2021

**ORDER**

Upon consideration of Defendant's Motion for Postconviction Relief,[1] Superior Court Criminal Rule 61, statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

1.    On June 4, 2018, Defendant pled guilty to Second-Degree Burglary and Strangulation.[2] By order dated November 20, 2018, effective October 8, 2017, Defendant was sentenced as follows: for Second-Degree Burglary, 8 years at Level V, suspended after 7 years and 6 months, for 1 year at Level III; and for Strangulation, 5 years at Level V.[3] Defendant did not file a direct appeal.

2.    On September 26, 2019, Defendant filed a *pro se* Motion for Postconviction Relief and a Motion for Appointment of Counsel.[4] In his Motion for

---

[1] D.I. 55.
[2] D.I. 19.
[3] D.I. 29.
[4] D.I. 38, 39.

Postconviction Relief, Defendant asserted a prosecutorial misconduct claim and an ineffective assistance of counsel ("IAC") claim.[5] On December 5, 2019, the Court issued an order denying Defendant's motions.[6] The Court found that Defendant's prosecutorial misconduct claim was procedurally barred, and the Court denied Defendant's IAC claim on the merits.[7]

3.    On January 5, 2021, Defendant filed a second *pro se* Motion for Postconviction Relief—the instant Motion.[8] In his Motion, Defendant asserts two claims: an IAC claim and a newly discovered evidence claim.[9] In his IAC claim, Defendant "asserts that counsel was ineffective for failing to entertain the propriety of his actual innocence."[10] In his newly discovered evidence claim, Defendant "represents that newly discovered evidence of actual innocence has surfaced regarding the purported victim's allegations. She has recanted her statement."[11]

4.    Before addressing the merits of Defendant's arguments, the Court must consult Rule 61's procedural bars.[12] Having done so, the Court finds that Defendant's Motion must be summarily dismissed pursuant to Rule 61(d)(2).[13] As

---

[5] D.I. 38.
[6] D.I. 45.
[7] *Id.*
[8] D.I. 55.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[13] Del. Super. Ct. Crim. R. 61(d)(2).

noted above, the instant Motion is Defendant's second motion for postconviction relief.[14] Rule 61(d)(2) provides that "[a] second or subsequent motion under this rule shall be summarily dismissed . . . ."[15] There are two exceptions to summary dismissal, but only defendants who were "convicted after a trial" may access them.[16] Such defendants may avoid summary dismissal by

> (i) plead[ing] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) plead[ing] with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[17]

5. Here, Defendant cannot access either exception to summary dismissal because he was not "convicted after a trial"; he pled guilty.[18] Regardless, neither exception applies. Rule 61(d)(2)(ii) does not apply because Defendant's Motion contains no claims about new rules of constitutional law. And Rule 61(d)(2)(i) does not apply because Defendant did not plead his newly discovered evidence claim *with*

---

[14] D.I. 38.

[15] Del. Super. Ct. Crim. R. 61(d)(2).

[16] *Id.*

[17] Del. Super. Ct. Crim. R. 61(d)(2)(i)–(ii).

[18] *Norwood v. State*, 2017 WL 4001838, at *1 (Del. Sept. 11, 2017) (citation omitted) ("Rule 61(d)(2) provides that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted *after a trial* and the motion satisfies the pleading requirements of subsections (2)(i) or (2)(ii). Here, because the motion was Norwood's second motion for postconviction relief following *a guilty plea*, the motion was subject to summary dismissal under Rule 61(d)(2).")

*particularity*.  Rather, he states in a conclusory manner that the victim "has recanted her statement."[19]  Defendant provides the Court with no supporting details for his claim, nor does he describe his basis of knowledge.  Thus, even if the Court sets aside Rule 61(d)'s threshold requirement, Defendant's Motion does not satisfy Rule 61(d)(2)(i).  Accordingly, Defendant's Motion for Postconviction Relief must be summarily dismissed.[20]

**NOW THEREFORE**, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

*Jan R. Jurden*

---

Jan R. Jurden, President Judge

Original to Prothonotary
cc:     Arion Baynard (SBI# 562275)
        Anna E. Currier, Esq.

---

[19] D.I. 55.

[20] Alternatively, Defendant's Motion is time barred pursuant to Rule 61(i)(1).  Del. Super. Ct. Crim. R. 61(i)(1).  Subject to an inapplicable exception, a "motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . ."  *Id.*  Because Defendant did not file a direct appeal, his judgment of conviction became final 30 days after he was sentenced on November 20, 2018—that is, December 20, 2018.  Del. Super. Ct. Crim. R. 61(m)(1).  Thus, Defendant had to file his Motion by December 20, 2019, but he filed it on January 5, 2021.  D.I. 55.  Accordingly, Defendant's Motion is time barred.